615 A.2d 829

EMPIRE COAL MINING & DEVELOPMENT, INC., Petitioner,

v.

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided Aug. 19, 1992.

Reargument Denied Oct. 6, 1992.

W. Boyd Hughes, for petitioner.

Kurt J. Weist, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Empire Coal Mining & Development, Inc. (Empire) appeals from the order of the Environmental Hearing Board (Board) granting the motion for summary judgment filed by the Department of Environmental Resources (DER) and dismissing Empire's appeal from DER's denial of its surface mining

permit application. The issues raised for review by this Court are whether Empire satisfied the requirement of 25 Pa.Code § 86.64(b) that documents establishing a right to extract coal be submitted with the application; and whether there exist material issues of fact which prevent a grant of summary judgment. For the following reasons, the Board's order is reversed.

On November 20, 1987, Empire executed an agreement with Northumberland County to strip mine and remove coal from a sixty acre parcel of land located in Mount Carmel Township, Northumberland County (site). Northumberland County is the owner of the mineral estate at the site. The agreement was for ten one-year terms to run until November 1997 or until exhaustion of the coal, whichever occurred first. Empire conducted its surface mining operation on the site from April 1988 to July 1989. Susquehanna Coal Company (Susquehanna) is the surface owner of the site and entered into a lease for landfill purposes with Mount Carmel Township (Township) in August 1983 for a term ending in October 1994 or whenever the pit is filled, whichever comes first. On November 12, 1987, Susquehanna entered into a surface mining lease with Empire for a term of three years. Hence, Empire and the Township were co-tenants on the site with the Township authorized to fill stripping pits from previous strip mining operations with municipal solid waste, and Empire authorized to conduct its strip mining operation on the site.

As a result of DER's citation of Empire's operation, Empire and DER executed a consent order and agreement which authorized Empire to continue mining at the site and established a time table for the occurrence of certain events including the submission of an application for a surface mining permit at the site. Empire submitted its surface mining permit application on December 28, 1989 and several months later submitted revisions to the application as requested by DER.

On September 17, 1990, Susquehanna notified Empire that the lease agreement which was to expire on November 11, 1990 would not be extended and that Empire was to vacate the

site at the end of the lease term. DER, which was still reviewing Empire's permit application, also received a copy of this notice and thereafter requested that Empire update its application by submitting a copy of a renewed lease. On December 13, 1990, Empire submitted to DER its revisions to the surface mining permit application and set forth a copy of previous correspondence from its counsel to counsel for Susquehanna which gave notice that Empire was the legal owner of the coal at the site based upon its lease to exhaustion and upon the mineral reservation clause for the "Jesse Brooks Tract" as contained in Empire's predecessor's chain of title. The letter also referred to a Pennsylvania Supreme Court interpretation of virtually identical clauses regarding the same tract of land. Thus, Empire asserted that it could go upon the tract and strip mine without the consent of the surface owner and that a lease with Susquehanna was not necessary. Although DER knew that Empire's surface lease had expired and that Susquehanna would not renew it, DER requested only that Empire submit a renewed lease and did not request any other documents.

On February 12, 1991, DER denied Empire's surface mining permit application on the ground that Empire failed to submit documents required by 25 Pa.Code § 86.64.[1] Empire appealed the denial of its application to the Board which granted DER's motion for summary judgment and concluded

---

1. § 86.64. Right of entry.
   (a) An application shall contain a description of the documents upon which the applicant bases his legal right to enter and commence coal mining activities within the permit area and whether that right is the subject of pending court litigation.
   (b) The application for a permit shall provide one of the following for lands within the permit area:
   (1) A copy of the written consent of the current surface owner to the extraction of coal by surface mining methods.
   (2) A copy of the document of conveyance that expressly grants or reserves the right to extract the coal by surface mining methods and an abstract of title relating the documents to the current surface land owner.
   (c) [T]he application for a permit shall include ... the written consent of the landowner to enter upon land to be affected by the activities by the operator. ...

that once the surface lease had lapsed, the documents submitted by Empire did not satisfy the statutory requirements.

This Court's scope of review of an Environmental Hearing Board decision is limited to a determination of whether an error of law has been committed, constitutional rights have been violated, or any findings of fact are unsupported by substantial evidence. *Starr v. Department of Environmental Resources*, 147 Pa.Commonwealth Ct. 196, 607 A.2d 321 (1992). A grant of summary judgment by the Board is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Summerhill Borough v. Department of Environmental Resources*, 34 Pa.Commonwealth Ct. 574, 383 A.2d 1320 (1978). Summary judgment is to be granted only where the right is clear and and free from doubt. *Starr.* The adjudicatory body must accept as true all well-pleaded facts in the non-moving party's pleadings and give that party the benefit of all reasonable inferences to be drawn therefrom. *Lower Lake Dock Co. v. Messinger Bearing Corp.*, 395 Pa.Superior Ct. 456, 577 A.2d 631 (1990). The moving party has the burden of proving the non-existence of any genuine issue of fact, and all doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

In its notice of appeal to the Board, Empire argued that it complied with 25 Pa.Code § 86.64 by attaching to its permit application the lease between Northumberland County and Empire for mining to exhaustion of all the coal underneath the sixty acre portion of the Jesse Brooks Tract; and by submitting the letter from Empire's legal counsel to Susquehanna's counsel stating that the Pennsylvania Supreme Court has interpreted the mineral reservation clause on the Jesse Brooks Tract, as contained in Empire's predecessor's chain of title, that the mineral owner or one who has a right to extract minerals could go on the tract and strip mine without the

consent of the landowner. Furthermore, the notice of appeal stated that Empire's right to surface mine on the Jesse Brooks Tract without the consent of the surface owner was set forth in *Mount Carmel R. Co. v. M.A. Hanna Co.*, 371 Pa. 232, 89 A.2d 508 (1952); and during the two-month review period, DER never requested any additional or supplemental documentation from Empire before denying its permit application.

Empire contends that the Board refused to acknowledge the facts pleaded in Empire's appeal and notes that the Board, without any abstract of title before it, reviewed *Mount Carmel R. Co.* and stated: "How this decision endows [Empire] with the right to engage in surface mining on the Mining Site is an enigma. *We have no certain proof* that the Mining Site is part of the Jesse Brooks Tract. While the Official Coal Land Lease for Strip Mining between the County and [Empire] indicates that the mining operation is to be located on the 'Jesse Brooks Tract,' *we have no way of knowing whether this is the same tract* as that involved in the [*Mount Carmel R. Co.*] case." Board Opinion, pp. 8–9 (emphasis added).

Empire thus argues that the Board erred as a matter of law by not accepting as true that Empire's mining lease with Northumberland County for a sixty acre portion of the Jesse Brooks Tract was the same tract at issue in *Mount Carmel R. Co.* For purposes of DER's motion for summary judgment, the Board was obligated to accept this assertion as true. *Lower Lake Dock Co.* The Board thus erred by concluding that it had no way of knowing if this was the same tract as that involved in the *Mount Carmel R. Co.* case despite Empire's statements to the contrary and its indication that it was prepared to prove this at hearing.

Furthermore, the Board held that "[t]he rulings [in *Mount Carmel R. Co.*] cannot be extended to other portions of the tract without proof that the same words were used in other documents tied to those portions. *No such proof is before us.*" Board Opinion, p. 9 (emphasis added). This conclusion again ignores the assertions in Empire's appeal regarding its right to surface mine on the Jesse Brooks Tract

and its willingness to submit the appropriate documents. Moreover, after Empire submitted the letter from its counsel to counsel for Susquehanna, DER never requested that Empire submit additional information for its permit application. DER's only request, made before Empire submitted the letter from counsel, was for a copy of a renewed lease with the surface owner. Clearly, Empire could not satisfy this request because there was no renewed lease to submit. Nor is there evidence in the record to support the Board's conclusion regarding "Empire's repeated refusal to provide [DER] with the required documents." Board Opinion, p. 2. Empire's submission of documents in an effort to update its permit application was rejected by DER in its denial, despite Empire's willingness to provide the appropriate documents as stated in its appeal to the Board.

DER argues that this case is simply a matter of whether Empire complied with statutory requirements. However, this argument obscures the true issue of whether Empire was given the appropriate opportunity to comply under the particular circumstances of this case. In granting DER's motion for summary judgment, the Board acted prematurely where it should have given Empire the opportunity to present evidence on its claim. Accordingly, the Board's order is reversed and this matter is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 19th day of August, 1992, the order of the Environmental Hearing Board is reversed and this case is remanded to the Board for proceedings consistent with this opinion.

Jurisdiction relinquished.