623 A.2d 897

**EMPIRE COAL MINING & DEVELOPMENT, INC., Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided March 18, 1993.

Petition For Allowance of Appeal Denied July 26, 1993.

W. Boyd Hughes, for petitioner.

Kurt J. Weist, Asst. Counsel, for respondent.

Before COLINS, and McGINLEY, JJ., and NARICK, Senior Judge.

COLINS, Judge.

Empire Coal Mining and Development, Inc. (Empire), appeals an order of the Environmental Hearing Board (EHB) which dismissed its appeal of an order issued by the Department of Environmental Resources (DER) directing the Mount Carmel Township Supervisors (Township) to close a landfill.

Empire operates a strip mine approximately 150 feet from the toe of the Mt. Carmel Sanitary Landfill (landfill) located in

Northumberland County, Pennsylvania. The strip mine and the landfill occupy a 60 acre tract which Empire calls the "Jesse Brooks Tract" (site). On July 19, 1990, DER ordered the Township to implement a plan to close the landfill. Thereafter, Empire appealed DER's order to the EHB. Empire averred in its notice of appeal that, *inter alia*, it was conducting an active strip mining operation on the site, that it had a leasehold interest in the surface of the site, that it had a mineral lease in the coal under the site, and that the closure plan stated that Empire must move its mining operation 300 feet west of its present location.[1] Empire alleged that closure plan expropriated its property without due process of law in violation of Article I, Section 10 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution.

DER filed a motion to dismiss Empire's appeal on the ground that Empire lacked standing to challenge DER's order. DER argued that Empire lacked standing to challenge the order, because Empire is unable to demonstrate that it has a legal right to strip mine coal on the site. Empire, in its response to DER's motion, argued, among other things, that it owns the coal estate and that it has the right to use the surface to mine coal. The EHB granted DER's motion to dismiss Empire's appeal. The EHB held that Empire does not have standing to appeal DER's order, because Empire failed to allege sufficient facts showing that it has the legal right to strip mine coal on the site. This appeal followed.[2]

1. In the introduction to the plan for closing the landfill, DER makes the following pertinent statements concerning Empire's mining operations: The mining company's [Empire's] operations pose a major obstacle in implementing the closure of the landfill.... [T]he mining company is directly in the area needed for placement of overfill and erosion and sediment control structures as part of this closure plan. In order for the Mt. Carmel Landfill to be closed in an environmentally sound manner, the mining company must move west at least 300 feet and must coordinate certain activities ... with the closure of the landfill.

2. Concurrent with the present case, Empire and DER were involved in litigation involving the denial of a surface mining permit for the site. Empire was mining the site under the terms of a consent decree. In accordance with the terms of the consent decree, Empire applied for a surface mining permit. On February 12, 1991, DER denied Empire's

Empire contends that the EHB erred in determining that it lacked standing because (1) the EHB failed to accept its well pleaded facts of record as true, (2) there were numerous unresolved issues of material fact, and (3) it had standing pursuant to 25 Pa.Code § 273.202(a)(3).[3]

The concept of standing is based on the notion that an individual must establish, as a prerequisite to obtaining judicial resolution of a dispute, that he or she is aggrieved by the challenged order or action. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). To have standing a party must show that it (1) has a substantial interest in the subject matter of the particular litigation, (2) the asserted interest must be direct, and (3) the interest must be immediate and not a remote consequence.[4] *Id.*;

application because, *inter alia*, Empire did not demonstrate that it had the right to mine the surface. Empire appealed DER's denial of the permit to the EHB. DER filed a motion for summary judgment which the EHB granted on the ground that Empire failed to present sufficient evidence regarding its right to mine the site; the EHB, thus, ordered Empire's appeal dismissed. Thereafter, Empire appealed to this Court which, in *Empire Coal Mining & Development, Inc. v. Department of Environmental Resources*, 150 Pa.Commonwealth Ct. 112, 615 A.2d 829 (1992) (*Empire I*), reversed the EHB's order and remanded the case to the EHB to allow Empire to present additional evidence on its right to mine the site.

3. 25 Pa.Code § 273.202(a)(3) is as follows:
 (a) Except for areas that were permitted prior to April 9, 1988 no municipal waste landfill may be operated as follows:
 . . . .
 (3) In coal bearing areas underlain by recoverable or mineable coals, unless the operator of the facility demonstrates and the Department finds, in writing, that the operator owns the underlying coal, or has entered [sic] an agreement with the owner of the coal to provide support.

4. The test for standing established in Section 702 of the Administrative Agency Law (Law), 2 Pa.C.S. § 702, is not applicable to the instant case. Section 702 of the Law is as follows:
 Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication *shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals* by or pursuant to Title 42 (relating to judiciary and judicial procedure). (Emphasis added.)
 While Section 702 of the Law requires only that an aggrieved party demonstrate a direct interest in an adjudication to have standing to appeal, a less rigorous standard than that articulated by our Supreme

*Franklin Township v. Department of Environmental Resources*, 500 Pa. 1, 452 A.2d 718 (1982). A substantial interest in the outcome of a dispute is an interest which surpasses the common interest of all citizens in seeking obedience to the law. *South Whitehall Township Police Service v. South Whitehall Township*, 521 Pa. 82, 555 A.2d 793 (1989). A party has a direct interest in a dispute if he or she was harmed by the challenged action or order. *Id.* Further, a party's interest is immediate if there is causal connection between the action or order complained of and the injury suffered by the party asserting standing. *Id.* In accordance with the above, a party asserting that it has standing must plead facts establishing that he or she suffered a direct, substantial, and immediate injury. *Pennsylvania Chiropractic Federation v. Foster*, 136 Pa.Commonwealth Ct. 465, 583 A.2d 844 (1990).

 The only issue in this case is whether Empire has standing to challenge DER's July 19, 1990 order directing the Township to close the landfill. In its brief, however, Empire did not attempt to fit the facts of this case into the analytical framework for determining whether a party has standing. Empire did not even cite a single case in its brief concerning standing. Instead, Empire presents an argument better suited to an appeal of a grant of summary judgment than an appeal of the granting of a motion to dismiss for lack of standing.[5] While Empire's brief has hindered our ability to

Court in *Wm. Penn*, Section 702 applies only to appeals from Commonwealth agencies to *courts*. In the present case, however, the issue is whether Empire has "standing to sue" DER in an action before the EHB; Empire is not seeking standing to appeal an order of the EHB to a court. The concept of standing to sue involves a party's capacity to initiate an action in a Commonwealth agency, and that concept is distinct from the concept of "standing to appeal." G. Ronald Darlington, *et al.*, Pennsylvania Appellate Practice § 501:3. Therefore, because Empire is not seeking standing to appeal an administrative adjudication to a court, Section 702 of the Law does not apply to this case.

5. Empire contends that the EHB erred in granting DER's motion to dismiss when there were numerous disputed questions of material fact. Empire cites cases it claims support the proposition that a case cannot be dismissed for lack of standing when there are outstanding questions of material fact. However, our review of Empire's brief reveals that every case Empire cites in support of this contention is a summary

perform meaningful appellate review, we will, nevertheless, decide whether Empire has standing to challenge DER's order.

In support of its argument that it has standing to appeal DER's order, Empire points to two facts which it claims give it standing: (1) DER's plan for closing the landfill states that "[i]n order for the Mt. Carmel Landfill to be closed in an environmentally sound manner, the mining company must move west at least 300 feet[;]" and (2) it owns the coal under the site and has the right to use the surface to mine the coal.[6] Even assuming *arguendo* that, as Empire contends, these facts must be accepted as true, they are not sufficient to confer standing on Empire.

Empire sought to appeal DER's July 19, 1990 order directing the Township to close the landfill, because it believed that the order and the plan for closing the landfill expropriated its property for a public use in violation of both the United States Constitution and the Pennsylvania Constitution. The order challenged by Empire, however, does not require Empire to do, or refrain from doing, anything. The order contains no language mandating that Empire either relocate its mine or restrict its mining operations on the site. Further, the language in the introduction to the closure plan stating that

judgment case. None of the cases cited by Empire involve a motion to dismiss an action for lack of standing. Further, our research has not discovered a single case supporting Empire's claim that unresolved questions of material fact preclude the EHB from dismissing an appeal filed by a party that does not have standing to sue. Therefore, we conclude that this contention is without merit.

6. In its notice of appeal, Empire also averred that it was challenging DER's order because both the closure plan and the landfill were in violation of numerous sections of DER's municipal waste regulations found at 25 Pa.Code §§ 271.1–271.506 and §§ 273.1–273.521. However, Section 615 of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. § 6018.615, which granted DER the authority to promulgate municipal waste regulations, allows citizens to intervene in DER enforcement actions but does not give citizens the right to initiate proceedings to enforce the Act. Empire has not cited any authority which permits it to act as a "private attorney general" by initiating an action to enforce DER regulations. Therefore, we hold that Empire does not have standing to challenge DER's order on the ground that either the closure plan or the landfill is in violation of DER municipal waste regulations.

Empire "must move west at least 300 feet" cannot be reasonably construed to constitute an order compelling Empire to vacate the site. In our view, that statement was not an affirmative command by DER to Empire forcing it to move its mine, but was intended only to advise the landfill owner that Empire's presence on the site will obstruct the closing of the landfill.

Moreover, even if Empire owns the coal under the site and has the right to mine the coal under the site, Empire is obliged to allege facts showing that DER's order harmed those interests. *Pennsylvania Chiropractic Federation.* Our review of the record reveals that Empire did not aver that DER has taken steps to force it from the site, to prevent it from mining coal, or to deprive it of any rights it may have to the coal under the site. Hence, because Empire has not averred facts showing that it is harmed by DER's order, we conclude that it does not have a direct interest in challenging DER's order.[7]

While the facts in this case suggest that DER may in the future take action to relocate or restrict Empire's mining operations, the possibility of future litigation is not sufficient to establish an immediate injury. *Pennsylvania State Lodge of the Fraternal Order of Police v. Commonwealth,* 131 Pa.Commonwealth Ct. 611, 571 A.2d 531 (1990), *affirmed,* 527 Pa. 363, 591 A.2d 1054 (1991). The causal connection between any future litigation concerning Empire's right to mine the site and the order in question is too remote to provide a basis for granting Empire standing.

Empire also contends that it has standing pursuant to 25 Pa.Code § 273.202(a)(3), which requires a landfill operator to obtain an agreement with the owner of coal rights beneath a landfill to provide support. We disagree. The aforementioned requirement applies only to landfills which were per-

---

7. The issue of whether Empire has a property interest in the minerals under the site is being decided on remand in *Empire I,* which concerns Empire's application for a permit to conduct surface mining on the site. In our view, any rights Empire has to minerals under the site and to mine the site are best decided by the EHB in the context of the issuance of a surface mining permit.

mitted after April 9, 1988. 25 Pa.Code § 273.202(a). In the present case, the landfill was originally permitted on November 16, 1983; hence, 25 Pa.Code § 273.202(a)(3) is inapplicable to this case and cannot confer standing on Empire to challenge DER's order.

Therefore, we hold that Empire does not have standing to sue, because it has not been directly and immediately injured by DER's July 19, 1990 order. Accordingly, the order of the EHB is affirmed.

## ORDER

AND NOW, this 18th day of March, 1993, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.