**William BOADY, The Trane Company and Tozour Energy Systems, Inc., Appellants,**

v.

**PHILADELPHIA MUNICIPAL AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.

Decided Aug. 21, 1997.

---

Bradley K. Moss, Philadelphia, for appellants.

Christopher I. McCabe, Deputy City Solicitor, Philadelphia, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

William Boady, The Trane Company, and Tozour Energy Systems, Inc., appeal an order of the Court of Common Pleas of Philadelphia County (Common Pleas), dismissing their complaint against the Philadelphia Municipal Authority (PMA) for lack of standing.

On or about March 9, 1993, PMA sought bids for a heating, ventilation and air conditioning system (HVAC contract) for the Northeast Philadelphia Prison. Among other things, the successful bidder would be required to purchase and install sixty-six rooftop air handling units, three centrifugal water chillers, and twenty-four rooftop air conditioners. Tozour, on behalf of Trane, submitted a proposal to the contractors bidding on the HVAC contract to provide the successful bidder with the required air handling units, air conditioners, and water chillers. York International Corporation (York) also submitted a proposal to the bidders to

provide the same equipment. The HVAC contract was ultimately awarded to the Thomas H. Barham Company, Inc., who selected York as its equipment supplier.

On November 30, 1994, Boady, a "City of Philadelphia taxpayer," Trane, and Tozour (hereinafter collectively referred to as the Taxpayers), filed a complaint in equity against PMA. The complaint alleged that the equipment supplied by York did not meet the specifications required by the HVAC contract. Specifically, they averred that York is substituting less expensive, less efficient, and lower quality air handlers and water chillers than those demanded by the HVAC contract. Taxpayers allege that York's failure to provide equipment within the specifications of the HVAC contract will cost PMA and City of Philadelphia taxpayers more money than would otherwise be necessary to operate and maintain the system. Accordingly, Taxpayers' complaint demanded the following relief: (1) an order declaring that PMA must follow the HVAC contract specifications and that York's substitute equipment violates the contract; (2) an injunction directing York's equipment to be removed from the construction site; and (3) an injunction directing PMA to purchase air handlers and water chillers that conform to the specifications in the HVAC contract.

In response to the Taxpayers' complaint, PMA filed a preliminary objection in the nature of a demurrer, asserting that the Taxpayers lacked standing to sue. Pa. R.A.P.No. 1028(a)(4). Common Pleas sustained PMA's preliminary objection and dismissed Taxpayers' complaint. The court reasoned that:

> Under the facts alleged in the complaint in the instant matter, plaintiffs fail to assert a sufficient interest that would rise to a level adequate to confer standing. In their complaint, plaintiffs' challenge to the City's action appears to aim at the prevention of an alleged waste of taxpayer revenue. Because the units allegedly do not comply with the required specifications, plaintiffs assert that PMA and the City will have to spend more tax revenues in the long run, and 'harm' City taxpayers. That interest, while admirable, is nothing more than an interest which all taxpaying citizens have. . . . [T]he prevention of waste of tax revenue is simply not enough to grant standing. . . .

(Common Pleas' opinion at 3–4.) This appeal followed.

On appeal, Taxpayers contend that Common Pleas erred in holding that they do not have standing to sue, because a taxpayer has standing to challenge governmental actions when the particular action would go unchallenged absent a taxpayer suit.

 On appeal from an order granting a preliminary objection in the nature of a demurrer, our standard of review is to determine whether the common pleas court abused its discretion or committed an error of law. *Factor v. Goode,* 149 Pa.Cmwlth. 81, 612 A.2d 591 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993). Further, when the common pleas court sustains a demurrer, we are constrained to examine only well-pleaded facts in the complaint, because a demurrer admits those facts and any inferences reasonably deducible therefrom as true. *Easton Area Joint Sewer Authority v. Bushkill–Lower Lehigh Joint Sewer Authority,* 71 Pa.Cmwlth. 553, 455 A.2d 286 (1983).

 As we explained in *Drummond v. University of Pennsylvania,* 651 A.2d 572, 577 (Pa.Cmwlth.1994):

> [s]tanding is the requirement that the person bringing an action be adversely affected by the matter they seek to challenge to assure that they are the appropriate party to bring the matter to judicial resolution.

To have standing, the party must have an interest in the outcome of the suit which surpasses the common interest of all citizens in procuring obedience to the law. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). Specifically, the party is required to show

that he or she has (1) a substantial interest in the subject matter of the litigation; (2) a direct interest in the litigation; and (3) the interest must be immediate and not a remote consequence. *Wm. Penn; Empire Coal Mining and Development v. Department of Environmental Resources*, 154 Pa.Cmwlth. 296, 623 A.2d 897, *petition for allowance of appeal denied*, 535 Pa. 625, 629 A.2d 1384 (1993).

■ We have held, however, that a taxpayer, even where his or her interest may not be substantial, direct, or immediate, may have standing to challenge governmental action. *Rizzo v. City of Philadelphia*, 136 Pa. Cmwlth. 13, 582 A.2d 1128 (1990), *petition for allowance of appeal denied*, 527 Pa. 653, 593 A.2d 424 (1991). In *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979), our Supreme Court stated that taxpayer standing is permissible where (1) governmental action would otherwise go unchallenged, (2) those directly affected are beneficially affected, (3) judicial relief is appropriate, (4) redress through other channels is not available, and (5) no one else is better positioned to assert the claim. However, the taxpayer standing test in *Biester* may only be applied in the following circumstances:

> [Taxpayer] standing may exist only when a taxpayer is challenging obligations placed on the general public or emoluments given through the exercise of governmental power imposed or given by general ordinances or statutes.

*Drummond*, 651 A.2d at 577–78.

In the present case, our review of Taxpayers' complaint reveals that they averred that York's improper equipment substitutions will harm City of Philadelphia taxpayers, because the low quality equipment provided by York is more expensive to maintain and operate and will, thus, cost Philadelphia taxpayers

additional money. The Supreme Court, however, in *Biester*, determined that the same interest asserted by Taxpayers in the instant case was insufficient to confer taxpayer standing.

In *Biester*, an attorney, William Costopoulos, filed a petition for review seeking to set aside an application by the Attorney General to summon an investigative grand jury. The interest advanced by Costopoulos was to prevent the waste of taxpayer revenue, because the statute allowing the summoning of the investigative grand jury was illegal. The Supreme Court concluded that Costopoulos did not have standing and dismissed his petition for review. The court expressly held that a taxpayer who files a lawsuit to prevent the wasteful spending of tax revenue does not have standing, because the prevention of waste is an interest shared by all citizens. The Court stated:

> [T]he prevention of a waste of tax revenue has been correctly held to be an interest which is not immediate because the detriment to the taxpayer is too remote since he is not directly or specially affected by the loss. The prevention of a waste of tax revenue, under the circumstances presented, is merely the same interest all citizens have in having others comply with the law or the constitution.

*Biester*, 487 Pa. at 444, 409 A.2d at 851 (citations omitted).

■ Our examination of Taxpayers' complaint reveals that they are seeking to prevent the needless waste of public funds. Since the interest asserted by Taxpayers is an interest shared by all citizens, following *Biester*, Taxpayers do not have an immediate interest sufficient to confer standing.[1]

■ Moreover, the taxpayer standing analysis in *Biester* is only applicable where

---

1. Taxpayers' complaint also suggests that they are interested in protecting the integrity of the competitive bidding process and avoiding the risk that future bidders will use York's tactic of substituting inferior, less costly equipment. However, the interest of protecting the integrity of the competitive bidding process, like prevent-ing the waste of taxpayer revenue, is too remote to grant Taxpayers' standing in this matter. In addition, the threat of future noncompliance with bid specifications cannot be a basis to grant standing. *See Empire* (the possibility of future litigation, because it is remote, is not a basis to grant a party standing).

the taxpayer's suit challenges an obligation placed on the general public or an emolument given through the exercise of governmental power. *Drummond.* Here, Taxpayers' suit challenges PMA's administration and interpretation of the HVAC contract. The interpretation and administration of a contract, however, is not an obligation placed on the general public or an emolument given through the exercise of governmental power. Government officials, not taxpaying members of the public, are charged with interpreting public contracts. *Drummond.* Members of the public are merely incidental beneficiaries of a government contract and have no actionable rights thereunder. *Id.; Clifton v. Suburban Cable TV Company,* 434 Pa. Superior Ct. 139, 642 A.2d 512, *petition for allowance of appeal denied,* 538 Pa. 664, 649 A.2d 667 (1994), *cert. denied,* 513 U.S. 1173, 115 S.Ct. 1152, 130 L.Ed.2d 1110 (1995). While a government contract may contain specific language evincing an intent to allow the public to challenge the interpretation of the agreement, *Drummond,* Taxpayers do not allege that the HVAC contract contains such a provision.

Therefore, for all the above reasons, we must conclude that Common Pleas correctly determined that Taxpayers do not have standing to prosecute this matter.

Taxpayers, however, argue that, because this matter will go unchallenged unless their suit is permitted to proceed, Taxpayers have standing. For that reason, they assert that the five part taxpayer standing test articulated in *Biester* must be applied here and that, under the *Biester* test, they have standing. PMA counters that, because Taxpayers are not challenging the exercise of government power, as explained in *Drummond,* the *Biester* taxpayer standing test is inapplicable here. We agree with PMA. However, even if we applied the *Biester* test, Taxpayers' argument would fail.

■ In their complaint, Taxpayers aver that they brought their concerns about the HVAC contract to PMA approximately one month before they filed the instant suit, and

that PMA took no final action on the matter. (Complaint in equity, paragraph 48.) In our view, the aforementioned averment, which is the only relevant fact alleged in the complaint, cannot be reasonably construed to be a specific allegation that PMA refused to take legal action to enforce the HVAC contract against York or the general contractor, Barham. Thus, Taxpayers' claim that, but for their suit, York's alleged noncompliance with the HVAC contract will go unchallenged, is not supported by the facts averred in Taxpayers' complaint.

■ With regard to other prongs of the *Biester* test, this matter is particularly unsuitable for judicial review, since judicial intervention in the administration of the HVAC contract would result in Common Pleas micromanaging the execution of that contract, thereby displacing officials responsible for that function. In addition, considering that Taxpayers are alleging that York is providing PMA with inferior equipment, PMA cannot be deemed to be beneficially affected by York's substitutions. Furthermore, PMA and the City of Philadelphia are in a much better position than Taxpayers to enforce any claim against York in this matter.

Accordingly, Common Pleas' order is affirmed.

### *ORDER*

**NOW,** August 21, 1997, the order of the Court of Common Pleas of Philadelphia in the above-captioned matter is hereby affirmed.