IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Carson and David Carson,     :
                    Appellants     :
                                   :
          v.                       :
                                   :  No. 1067 C.D. 2024
Lititz Borough                     :  Argued: September 9, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON                    FILED: October 1, 2025


This is an appeal from an order of the Court of Common Pleas of Lancaster County (Trial Court) that sustained preliminary objections (POs) by Lititz Borough (Borough) and dismissed, with prejudice, the Third Amended Complaint for Declaratory, Injunctive, and Equitable Relief (Third Amended Complaint) filed by Linda Carson and David Carson (Carsons). Upon review, we affirm the Trial Court's order and remand to the Trial Court for consideration of the Borough's request for sanctions.


## I. Background

The Carsons reside in Butterfly Acres, a development located in the Borough. Reproduced Record (RR) at 459a. The Third Amended Complaint relates to the location of and funding for the Sixth Street Park (Park), which was developed by the Borough within the Butterfly Acres development.

The Carsons filed their original Complaint for Declaratory, Injunctive, and Equitable Relief (Original Complaint) in August 2023, seeking declaratory,

injunctive, and equitable relief. Carsons' Br., Appendix B (Trial Ct. Op.) at 2. In October 2023, they filed an amended complaint (First Amended Complaint) after the Borough filed POs to the Original Complaint. The Borough filed POs to the First Amended Complaint. *Id.*

The Carsons also filed an Emergency Petition for a Preliminary Injunction (Emergency Petition) in an attempt to stop the commencement of construction on the Park. Trial Ct. Op. at 2. Prior to the Trial Court's hearing on the Emergency Petition, the Borough filed a motion for sanctions against the Carsons. *Id.* On January 25, 2024, the Trial Court sustained the POs but allowed the Carsons an opportunity to further amend their pleading. *Id.* By order issued the same date, the Trial Court held the Borough's motion for sanctions in abeyance until final resolution of the matter, stating that the Borough could resubmit its motion along with detailed billing records at that time. *Id.* at 3.

The Carsons filed another amended complaint (Second Amended Complaint), followed by the Third Amended Complaint after the Borough filed POs to the Second Amended Complaint. Trial Ct. Op. at 3.

In essence, the Carsons allege in Counts I and II of the Third Amended Complaint that the Borough violated the Pennsylvania Municipalities Planning Code (MPC)[1] and the Borough's Subdivision and Land Development Ordinance (SALDO),[2] respectively, by using fees in lieu of dedication (fees in lieu)[3] received

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[2] BOROUGH OF LITITZ, PA., SUBDIVISION AND LAND DEVELOPMENT ORDINANCE OF 1993, *as amended*.

[3] Section 503(11)(iii) of the MPC provides for fees in lieu as follows:

from developers relating to developments other than Butterfly Acres to fund the construction of the Park, which the Carsons contend is not reasonably accessible by the residents of those other developments. RR at 459a-69a. Further, although the Borough Council voted at a public meeting to authorize the expenditure of up to $250,000.00 to construct the Park, the Carsons allege in Count III of the Third Amended Complaint that the Borough Council violated the Sunshine Act[4] by taking

---

The subdivision and land development ordinance may include, but need not be limited to:

. . . .

(11) Provisions requiring the public dedication of land suitable for the use intended; and, upon agreement with the applicant or developer, the construction of recreational facilities, the payment of fees in lieu thereof, the private reservation of the land, or a combination, for park or recreation purposes as a condition precedent to final plan approval, provided that:

. . . .

(iii) The land or fees, or combination thereof, are to be used only for the purpose of providing, acquiring, operating or maintaining park or recreational facilities reasonably accessible to the development.

53 P.S. § 10503(11)(iii).

Section 611.C.1 of the SALDO provides:

If a fee in lieu of dedication is proposed by the developer, said fee shall be in accordance with the recommendations of the Borough Recreation and Open Space Plan and the Fee Schedule adopted by the Borough Council. All fees shall be held and used by the Borough in accordance with the requirements of Article V of the Municipalities Planning Code.

SALDO § 611.C.1.

[4] 65 Pa.C.S. §§ 701-716.

official action approving additional costs related to the Park outside a public meeting. *Id.* at 459a & 469a-70a.

The Borough filed POs to the Third Amended Complaint asserting lack of standing as to Counts I and II, demurring as to Counts I and II, and separately demurring as to Count III. RR at 558a-60a. By order dated July 18, 2024, the Trial Court sustained the POs regarding standing in Counts I and II, did not reach the demurrer to Counts I and II, sustained the demurrer to Count III, and dismissed the Third Amended Complaint with prejudice. Trial Ct. Op. This appeal by the Carsons followed.

## II. Issues

On appeal,[5] the Carsons assert that the Trial Court erred in concluding that they lacked standing under the MPC. Alternatively, they maintain that the Trial Court erred in concluding that they lacked taxpayer standing. Finally, they argue that the Trial Court erred in concluding that they failed to state a viable claim for a violation of the Sunshine Act.

---

[5] As this Court has explained,

> [i]n an appeal from a trial court order sustaining [POs] and dismissing a complaint, our scope of review is to determine whether an error of law was committed, or an abuse of discretion occurred. *Muncy Creek T*[*wp.*] *Citizens Comm*[.] *v. Shipman*, . . . 573 A.2d 662, 663 (Pa. Cmwlth. 1990). When considering the [POs], we must, of course, keep in mind that they admit as true all well-[pleaded] facts and inferences reasonably deducible therefrom, but not conclusions of law. *Keranko v. Wash*[.] *Youth Baseball, Inc.*, . . . 584 A.2d 1082, 1084 (Pa. Cmwlth. 1990). . . .

*In re Est. of Bartol*, 846 A.2d 209, 213 (Pa. Cmwlth. 2004); *see also Edgell v. City of Aliquippa*, 272 A.3d 1011, 1016 (Pa. Cmwlth. 2022) (explaining that "[b]ecause a PO in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is de novo and the scope of review is plenary").

## III. Discussion

## A. Standing as Aggrieved Parties under the MPC

The Carsons first argue that they have standing under Section 617 of the MPC, 53 P.S. § 10617, to pursue their action as aggrieved persons because they live across the street from the Park. Section 617 provides:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property *who shows that his property or person will be substantially affected by the alleged violation*, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.

53 P.S. § 10617 (emphasis added). The Trial Court found that the Carsons failed to establish standing under Section 617, reasoning:

> The alleged violation here is that the Borough improperly utilized "fees in lieu" paid by developers *other than the developer of their development* to build the Park in the Carson[s'] development. The Carsons fail to show how their property has been "substantially affected" as required by the statute. Hence, they cannot be said to have standing pursuant to Section 10617 of the MPC.[]

Trial Ct. Op. at 8-9 (emphasis original).

Further, this Court has explained that "standing is an element of the cause of action under Section 617 of the MPC, inasmuch as an aggrieved owner of property must show that his property or person will be substantially affected by the illegal act. . . . [T]his [is] an element of [the] burden of proof. . . ." *Geschwindt v.*

5

*Wagner*, 1 A.3d 970, 973 (Pa. Cmwlth. 2010).  Here, we agree with the Trial Court that the Carsons' averments that they live near the Park, even when combined with their claims that the Park is not reasonably accessible to residents of developments other than Butterfly Acres, fails to plead facts establishing that the Carsons are aggrieved or that their property is substantially affected by the Borough's expenditures of non-tax funds to construct the Park.  Therefore, we conclude that the Trial Court did not err in finding that the Carsons lacked standing under Section 617 of the MPC.

## B. Taxpayer Standing

The Carsons argue, in the alternative, that they have taxpayer standing to pursue their claims against the Borough.  We cannot agree.

As a general rule, to establish taxpayer standing in Pennsylvania, a plaintiff must plead and prove a substantial, direct, and immediate interest in the outcome of the suit that surpasses the common interest of all taxpaying citizens; demonstrating that interest requires establishing a nexus between the plaintiff's taxpayer status and the challenged expenditure.  *Wilt v. Beal*, 363 A.2d 876, 879 (Pa. Cmwlth. 1976) (citing *Faden v. Phila. Hous. Auth.*, 227 A.2d 619 (Pa. 1967)).  Moreover, taxpayer standing requires more than an interest in preventing waste of public funds, since that is an interest shared by all citizens.  *Boady v. Phila. Mun. Auth.*, 699 A.2d 1358, 1361 (Pa. Cmwlth. 1997) (citing *Appl. of Biester*, 409 A.2d 848 (Pa. 1979)); *Gen. Crushed Stone Co. v. Caernarvon Twp.*, 605 A.2d 472, 473 (1992).

The Carsons do not meet these requirements. Indeed, they do not argue that they do. Instead, they insist that they meet alternative criteria for taxpayer standing as articulated in *Biester*. Again, we disagree.

The *Biester* exception has been applied to recognize taxpayer standing where the plaintiff's interest is not substantial, direct, and immediate, but the plaintiff can satisfy five specific criteria: "(1) governmental action would otherwise go unchallenged, (2) those directly affected are beneficially affected, (3) judicial relief is appropriate, (4) redress through other channels is not available, and (5) no one else is better positioned to assert the claim." *Boady*, 699 A.2d at 1361; *see also Reich v. Berks Cnty. Intermediate Unit No. 14*, 861 A.2d 1005, 1009 (Pa. Cmwlth. 2004). Additionally, the *Biester* test for taxpayer standing may be applied "only when a taxpayer is challenging obligations placed on the general public or emoluments given through the exercise of governmental power imposed or given by general ordinances or statutes." *Boady*, 699 A.2d at 1361 (quoting *Drummond v. Univ. of Pa.*, 651 A.2d 572, 577-78) (Pa. Cmwlth. 1994)) (additional quotation marks omitted).

In *Wilt*, this Court concluded that a state legislator failed to satisfy the *Biester* factors and thus lacked taxpayer standing to challenge the use of an apparently tax-funded geriatric hospital as a mental health treatment facility. In rejecting the assertion of taxpayer standing, this Court applied reasoning particularly applicable to the first and last *Biester* factors. We explained, *inter alia*, that

> this [is not] a case in which the Court in its discretion should grant standing because "otherwise a large body of governmental action would be unchallengeable in the courts." *Faden* [*v. Phila. Hous*[.] *Auth.*, 227 A.2d 619, 621-22 (Pa. 1967)]. There are clearly other parties, namely, those meeting the statutory requirements and residing in the area to be served by the Center who would

7

have the requisite interest to challenge the action of the defendants. We note in this regard the observation of Professor Jaffe[fn] that "[i]f the interests which the law chooses to protect are satisfied with the status quo though it may involve a legal violation, []why should a stranger have the right to insist on enforcement?"

[fn:] [Louis L. ]Jaffe, *Standing Again*, 84 HARV. L. REV. 633, 637 (1971).

*Id.* at 882 (additional footnote omitted; small caps added).

Precisely the same reasoning applies here. The expenditures the Carsons challenge in the Third Amended Complaint were not expenditures of their tax funds; indeed, the Park was not funded by expenditures of *anyone's* tax funds.[6] The Carsons complain that residents of other developments, whose developers allegedly funded the Park indirectly through fees in lieu to the Borough, are not receiving the benefits contemplated by the Borough's SALDO. However, the residents of those other developments apparently made no complaints about the Park's location or funding. Certainly, the record contains no indication of any complaint, either formal or informal, by any resident of another development challenging the expenditure of fees in lieu to fund the Park. Thus, this is a situation, like that in *Wilt*, in which the interests of those the law chooses to protect, *i.e.*, the

---

[6] Although the Carsons assert in their brief that tax funds were expended in addition to the funds received through fees in lieu, they did not include such an averment in the Third Amended Complaint. *See* Trial Court Op. at 9 (stating that "[w]hat is missing from the Carson[s'] pleading is any allegation that their tax dollars are being used for the Park"). An averment in a brief cannot substitute for a pleaded fact. *See Erie Indem. Co. v. Coal Operators Cas. Co.*, 272 A.2d 465, 466-67 (Pa. 1971) (concluding that the trial court erred by considering facts alleged in the briefs, in that briefs are not part of the record, and a court may not consider facts not in the record). Further, the Trial Court observed that the exhibits to the Third Amended Complaint did not support any inference that any funds beyond the initially approved amounts of the fees in lieu were actually expended to construct the Park. Trial Ct. Op. at 11-12. We note, moreover, that the Third Amended Complaint is the Carsons' fourth attempt to plead a viable claim in this action. Trial Ct. Op. at 1-4; RR at 1a-12a. As such, they have had adequate opportunity to do so.

residents of developments whose developers paid fees in lieu, are satisfied with the *status quo*, even if it may arguably involve a SALDO violation. *See Wilt*, 363 A.2d at 882. The Carsons are merely "strangers" who have no right to insist on enforcement of the SALDO for the benefit of other developments. *Id.*

For these reasons, we conclude that the Trial Court did not err in concluding that the Carson's lacked standing to bring their claims in Counts I and II.[7]

## C. Demurrer to Count III

In ruling on POs, a court accepts as true all well-pleaded material allegations in the complaint and any reasonable inferences that it may draw from those averments. *Diop v. Bureau of Pro. & Occupational Affs., State Bd. of Cosmetology*, 272 A.3d 548, 559 (Pa. Cmwlth. 2022) (citing *Meier v. Maleski*, 648

---

[7] We note that the Carsons have not asserted any argument on appeal concerning the Borough's demurrer to Counts I and II regarding the Park's reasonable accessibility to residents of other developments. Even were we to address such an argument, we would not find the Carsons' position concerning reasonable accessibility persuasive. Contrary to the Carsons' assertion, what constitutes reasonable accessibility for purposes of Section 617 of the MPC is not a completely novel issue, and existing authority does not support their position. This Court addressed accessibility under the MPC at length in *BVRE, LP v. College Township* (Pa. Cmwlth., No. 1314 C.D. 2018, filed July 23, 2019). Although *BVRE* is an unreported decision, we cite it here as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Notably, the Carsons' assertion that the Park was not reasonably accessible to the residents of other developments because they were all more than a quarter mile away, and generally more than one mile away, is insufficient under the reasoning of *BVRE* to support a challenge to the expenditure of fees in lieu, as in *BVRE*, this Court found various parks that were located as far as six miles from the developments at issue were sufficiently accessible to comply with the MPC. *Id.*, slip op. at 4 & 13-17. Further, although *BVRE* was decided under an earlier version of Section 503(11)(iii) of the MPC in effect before the adjective "reasonably" was added to the accessibility requirement in 2014, this Court found no meaningful alteration, but merely a clarification, was effected by the 2014 amendment because, in any event, "courts would construe the term 'accessible' as impliedly including a reasonableness requirement." *Id.*, slip op. at 16-17.

A.2d 595, 600 (Pa. Cmwlth. 1994)). However, a court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the complaint. *Diop*, 272 A.3d at 559 (citing *Meier*, 648 A.2d at 600). A court may sustain POs only when the law is clear that the plaintiff cannot succeed on the claim, and any doubt is resolved in favor of the plaintiff. *Id.* (citing *Meier*, 648 A.2d at 600). A court may sustain a PO in the nature of a demurrer under the above guidelines only when a plaintiff has failed to state a claim upon which relief may be granted. *Id.* (citing *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013)).

In the Third Amended Complaint, the Carsons aver that they "believe" the Borough Council met outside a public meeting and authorized expenditures beyond the initial $250,000.00 approved in a vote at a public meeting. RR at 470a. In support, they point to Exhibits D and E to the Third Amended Complaint, which are, respectively, an undated "cost opinion" estimating construction costs of $522,069.57 and a building permit for the Park reflecting estimated construction costs of $257,699.00. *Id.* at 469a, 528a-29a & 531a. The Carsons further allege that they believe the Borough Council acted outside a public meeting to approve a revised plan for the Park, as allegedly reflected in Exhibit F to the Third Amended Complaint. *Id.* at 470a & 534a. The Trial Court rejected the Carsons' assertions of Sunshine Act violations as "unwarranted inferences" from the exhibits attached to the Third Amended Complaint. Trial Ct. Op. at 11. Regarding construction costs, the Trial Court observed that "an undated estimate does not lead to the conclusion that the Borough has now approved this amount for the Park." *Id.* Similarly, regarding the alleged revision of the plan for the Park, the Trial Court concluded:

> The Carsons claim another violation of the Sunshine Act occurred and allege that the Borough met outside of a

10

public meeting to approve a revised Sixth Street Park Conceptual Plan as evidenced by Exhibit F. The exhibit does not show any indication that the plan was revised. In fact, it is entitled "Sixth Street Park Conceptual Plan." Further, as the Carsons acknowledged in their [C]omplaint, the Borough accepted the recommendation of the Parks Committee contingent on sight lines and sidewalks conforming with Zoning Ordinance requirements. (*See* Third Amended Complaint, ¶ 18). Therefore, it is to be expected that the original drawing will need to be revised at some point to conform to these requirements.

*Id.* More generally, the Trial Court rejected the Carsons' inferences drawn from the exhibits, reasoning:

To survive a demurrer, there first must be "well-pleaded facts." Unsubstantiated beliefs do not meet that threshold. The Carsons want the court to draw the same inferences that they have drawn based upon the documents they allege they obtained after the Borough approved the Park and its budget. This reasoning is fallacious. Just because these documents were obtained after the Borough's approval of the Park, the [Trial C]ourt is not required to believe the Carson[s'] assumptions. The documents do not reasonably lead to the conclusion that there were secret meetings for additional expenditures or design changes to the Park[.]

*Id.* at 12. We agree. We conclude that the Trial Court correctly applied the applicable legal standard for disposition of a PO in the nature of a demurrer and did not err in sustaining the Borough's demurrer to Count III.

The Carsons themselves implicitly acknowledge that their pleading is inadequate, but they assert a belief that discovery will reveal support for their claims. In Pennsylvania, however, if discovery is necessary in order to plead a viable complaint, the plaintiff must seek pre-complaint discovery pursuant to Rule 4003.8

of the Pennsylvania Rules of Civil Procedure.[8]  The record does not indicate that the Carsons did so here.  Thus, they cannot rely on speculative averments concerning what they believe discovery would reveal, in order to overcome the pleading deficiencies of the Third Amended Complaint.

For these reasons, we conclude that the Trial Court did not err in sustaining the Borough's demurrer to Count III of the Third Amended Complaint.

### D. Borough's Motion for Sanctions

We acknowledge the Trial Court's order holding in abeyance the Borough's motion for sanctions.  In disposing of the Carsons' appeal, we will remand this matter to the Trial Court for such further proceedings concerning the motion for sanctions as the Trial Court deems appropriate.

---

[8] Rule 4003.8 provides:

> (a)  A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.

> (b)  Upon a motion for protective order or other objection to a plaintiff's pre-complaint discovery, the court may require the plaintiff to state with particularity how the discovery will materially advance the preparation of the complaint.  In deciding the motion or other objection, the court shall weigh the importance of the discovery request against the burdens imposed on any person or party from whom the discovery is sought.

Pa.R.Civ.P. 4003.8.

## IV. Conclusion

Based on the foregoing discussion, the Trial Court did not err in dismissing the action with prejudice.[9]  Accordingly, the Trial Court's order is affirmed.  This matter is remanded for such further proceedings regarding sanctions as the Trial Court deems appropriate.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Although the Carsons do not assert that the Trial Court should have allowed them a further attempt to amend the Third Amended Complaint, we observe that the Carsons have already had three opportunities to amend their pleading.  As noted above, the Third Amended Complaint is their fourth attempt to plead a viable claim in this action. *See* RR at 1a-12a.  We also note that the Carsons additionally filed two other actions relating to construction of the Park.  In the first, they alleged Sunshine Act violations and sought injunctive relief, which was denied.  They then filed a second action but later voluntarily withdrew it.  Trial Ct. Op. at 1 n.2.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Carson and David Carson,    :
                Appellants    :
                      :
          v.              :
                      :   No. 1067 C.D. 2024
Lititz Borough              :

# **O R D E R**

AND NOW, this 1st day of October, 2025, the July 18, 2024 order of the Court of Common Pleas of Lancaster County (Trial Court) is AFFIRMED. This matter is REMANDED to the Trial Court for such further proceedings regarding Lititz Borough's motion for sanctions as the Trial Court deems appropriate.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge