Charles KAEHLY, Steven Kaehly, Michael Vetter, Thomas Blotter, Robert Rice, Michael Rossman, Paul Sweeny, William Marsh, Anthony Kelly, Robert Sozanski, and Karen Paullett, Appellants,

v.

The CITY OF PITTSBURGH, and The Stadium Authority of Pittsburgh.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Dec. 24, 1996.

Robert Goldman, Pittsburgh, for appellants.

William G. Merchant, Pittsburgh, for appellee, The Stadium Authority of Pittsburgh.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Charles Kaehly, Steven Kaehly, Michael Vetter, Thomas Blotter, Robert Rice, Michael Rossman, Paul Sweeny, William Marsh, Anthony Kelly, Robert Sozanski, and Karen Paullett (collectively, Appellants) appeal from the order of the Court of Common Pleas of Allegheny County which denied their request for a preliminary injunction against the City of Pittsburgh (hereinafter, City), and the Stadium Authority of the City of Pittsburgh (hereinafter, Authority).

Appellants filed a complaint in equity and a motion for preliminary injunction after the City amended its vending ordinance,[1] (hereinafter, Amendment) which now prohibited Appellants from operating within thirty feet of all property owned by the Authority. Prior to the Amendment, Appellants were permitted to operate within two hundred and fifty feet of the wall of Three Rivers Stadium,[2] on property belonging to the Authority. The Pittsburgh City Council enacted the Amendment one day prior to the last scheduled Pittsburgh Steelers'[3] home game of the season.[4]

The trial court held a hearing on the motion, and the parties agreed to stipulations of fact. Appellants argued that the Amendment amounted to an unconstitutional taking of their property, that it unlawfully restricted fair and legal competition at the stadium, that it unlawfully restricted their right to use public property, that it was an abuse of the City's police powers, that their rights to equal protection had been violated, and that their rights to procedural due process had been violated because the council member who proposed and voted on the Amendment was also a member of the Board of the Authority.

The Authority argued that it has the right to exclude persons from the property, since it has the broad statutory purpose of improving, maintaining, and operating its property.[5] The Authority asserted it has the right and obligation to manage and control this property for the public good, and that in order to fulfill this obligation it granted exclusive personal service concession contracts at the Stadium in order to increase revenues. The Authority also argued that it had not infringed upon due process rights of Appellants, because Appellants had no right to exclusive and stationary operating locations under the original vending ordinance.[6]

The trial court denied Appellants' request for a preliminary injunction, and subsequently denied their motion for reconsideration. Appellants then filed the present emergency

---

1. Section 719.05 was amended to read as follows:
   (c) No person, whether licensed or not, shall use any public place to sell wares or in any other way obstruct, interfere with or prevent the free flow of pedestrian or vehicular traffic in the Central Business District, or within 30 feet of the property owned by the Stadium Authority of the City of Pittsburgh for the operation and management of Three Rivers Stadium....
   Pittsburgh Code § 719.05(c); (48a).

2. Three Rivers Stadium is used for the sporting events of the City's professional baseball and football teams.

3. The Pittsburgh Steelers is the professional football team for the City.

4. Two possible playoff games also would have occurred prior to the expiration of Appellants' vending licenses on January 31, 1996.

5. *See* Section 5 of the Public Auditorium Authorities Law, Act of July 29, 1953, P.L. 1034, 53 P.S. § 23845.

6. No vendor shall have any exclusive right to any location in the public streets nor shall any be permitted a stationary location, nor shall he be permitted to operate in any congested area where his operation might impede or inconvenience the public. No vendor shall remain more than one (1) hour in one (1) location....
   Pittsburgh Code § 719.05(a); (46a).

appeal to this Court, and requested a preliminary injunction pending appeal, which was denied.[7]

■ Appellants now argue: 1) that the trial judge should not have considered whether their cause of action ultimately would have prevailed; 2) that the preliminary injunction should have been granted because they suffered irreparable harm, not compensable in damages, and because the granting of relief would have restored the parties to their original positions; and 3) that the preliminary injunction should have been granted because greater injury resulted since their request was refused.[8] The Authority claims that the trial court properly considered whether Appellants had a clear right to the relief sought in their motion.[9]

■ Appellants contend they were deprived of their property in violation of substantive and procedural due process, under both the Pennsylvania and United States Constitutions. To set forth a due process claim, the plaintiff must possess a protected property interest, and allege that he or she was deprived of that interest without sufficient process. Only after the establishment of a protected interest will the court inquire into the sufficiency of process. *Lindsay v. City of Philadelphia*, 863 F.Supp. 220 (E.D.Pa.1994). Although a vending license is a protected property interest, there is no corresponding constitutionally protected property interest to vend in a particular location. *Lindsay.* Appellants' vending licenses were not revoked; only the location where they could legally operate was changed. Therefore, Appellants' due process argument is without merit.

■ Appellants next argue that the Amendment to the ordinance is an unconstitutional taking of their property and violates their rights to the equal protection of the laws. All legislative enactments are presumed to be constitutional, and this presumption can be rebutted only if the legislation clearly, palpably and plainly violates the constitution. *In Re Petition to Recall Reese*, 542 Pa. 114, 665 A.2d 1162 (1995); *Stephens v. Pennsylvania State Board of Nursing*, 657 A.2d 71 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995). A classification implicating neither suspect classes nor fundamental rights will be sustained if it meets a rational basis test. *James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 477 A.2d 1302 (1984). Any doubts as to the statute's constitutionality are to be resolved in favor of sustaining the statute. *Starr v. Department of Environmental Resources*, 147 Pa. Cmwlth. 196, 607 A.2d 321 (1992).

■ The Amendment to the ordinance satisfies the rational basis test because it is not patently arbitrary, and it bears a rational relationship to the regulation of vending in the City. As previously stated, Appellants possessed no right to vend in a particular location within the City, and amending the ordinance to enable the Authority to carry out its statutory purpose more effectively was not improper. Thus, because Appellants failed to demonstrate a reasonable likelihood of success on this claim, this argument also lacks merit.

The trial court, in determining whether Appellants demonstrated a clear right to the

7. Our standard of review is limited to determining whether any apparently reasonable grounds existed for the action of the trial court, and whether the rule of law relied upon was erroneous or misapplied. *Philadelphia Lodge No. 5, Fraternal Order of Police v. Pennsylvania Lodge Fraternal Order of Police*, 660 A.2d 192 (Pa. Cmwlth.1995).

8. It is noted that Appellants' vending licenses for the year in question have since expired; however, Appellants' arguments regarding the constitutionality of the Amendment will be addressed, as those arguments are not moot.

9. A request for a preliminary injunction is an extraordinary remedy to be granted or denied in the sound discretion of the trial court. *Commonwealth v. National Federation of the Blind*, 471 Pa. 529, 370 A.2d 732 (1977). A party must prove the relief is necessary to avoid immediate and irreparable harm, that greater injury will result by refusing the injunction than by granting it, and that it will restore the parties to the status quo. *Lewis v. City of Harrisburg*, 158 Pa.Cmwlth. 318, 631 A.2d 807 (1993). Plaintiff's right to the relief sought must be clear. *Save Our School v. Colonial School District*, 156 Pa.Cmwlth. 671, 628 A.2d 1210 (1993). In addition, a court will not grant injunctive relief in a doubtful or uncertain case. *School District of City of Pittsburgh v. Zebra*, 15 Pa.Cmwlth. 203, 325 A.2d 330 (1974).

**44**

relief sought in their petition, evaluated the above constitutional arguments of Appellants. In this evaluation of Appellants' claims, the trial court did not improperly consider the ultimate merits of the case, but merely determined that Appellants failed to carry their burden of establishing a reasonable likelihood of success on their claims.

The trial court properly determined that Appellants failed to establish a clear legal right to injunctive relief, since a court of equity will not grant such an extraordinary remedy as a preliminary injunction in a doubtful or uncertain case. Therefore, reasonable grounds existed for the decision of the trial court, and the rule of law relied upon by the trial court was neither erroneous nor misapplied.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of December, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.