CHARTIERS COMMUNITY MENTAL HEALTH AND RETARDATION CENTER, INC., Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 11, 1997.

Decided May 19, 1997.

---

Dennis W. Glass, Pittsburgh, for petitioner.

Howard Ulan, Senior Assistant Counsel, for respondent.

Amy M. Dolan, Pittsburgh, for intervenor, Allegheny County.

Before FLAHERTY and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

Chartiers Community Mental Health and Retardation Center, Inc. (Chartiers) appeals from the December 26, 1995, order of the Office of Hearings and Appeals for the Department of Public Welfare (Department) which dismissed its appeal for lack of jurisdiction. We affirm.

The present matter arises out of a dispute between Chartiers and the Allegheny County Mental Health/Mental Retardation Drug and Alcohol Program (County) surrounding the continued suitability of a patient for partial hospitalization services. This patient's care was funded, under a contract between Chartiers and the County, from monies granted by the Department pursuant to the Mental Health and Mental Retardation Act of 1966 (Act of 1966).[1] Under the Act of 1966, the Department makes grants to county mental health and mental retardation programs which, in turn, contract with private providers for various services enumerated in the Act of 1966, including partial hospitalization services.

Chartiers, upon the advice of one of its patient's treatment team members and treating psychiatrists, determined that further treatment of the patient in Chartiers' partial hospitalization program was no longer clinically appropriate. The patient filed a grievance with the Allegheny County Mental Health/Mental Retardation Board (Board)

---

**1.** Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §§ 4101—4704.

against Chartiers. After the Board's hearing on the matter, the County's Director, Charles Peters, by letter dated June 22, 1995, advised Chartiers that the Board issued a decision requiring Chartiers to continue to provide partial hospitalization services to the patient. The Board also decided that Chartiers could not require the patient to receive intensive case management services as a condition of reinstatement. Mr. Peters advised Chartiers that it must reinstate the patient unless it chose "to appeal the decision further through litigation or the Office of Mental Health." (R.R. at 1a.) By letter dated July 12, 1995, Chartiers timely appealed the Board's decision to the Department's Office of Hearings and Appeals.

The hearing officer scheduled a telephone hearing for November 13, 1995. By letter to the hearing officer with an enclosed motion, both dated November 6, 1995, counsel for the County moved to dismiss Chartiers' appeal on the basis that the Department's Office of Hearings and Appeals had no jurisdiction to entertain the appeal. By rule to show cause dated November 30, 1995, the hearing officer directed Chartiers to show cause why its appeal should not be dismissed for lack of jurisdiction. Chartiers' response was due within 14 days of the date of the rule, that is, on or before December 14, 1995. Chartiers failed to respond by this date.[2]

On December 15, 1995, the hearing officer, specifically finding that Chartiers was a "lo-

cal agency" and, as such, it was required to file its appeal in the court of common pleas rather than in the Department's Office of Hearings and Appeals, dismissed Chartiers' appeal for lack of jurisdiction.[3] The Director of the Department's Office of Hearings and Appeals issued a final order affirming the hearing officer's determination. On January 4, 1996, Chartiers filed a reconsideration request with the Secretary of the Department (Secretary), requesting the Secretary to direct the hearing officer to consider the argument set forth in its answer and motion.

■ On January 23, 1996, Chartiers appealed to this court.[4] County filed for, and was granted, intervenor status for purposes of the appeal. Chartiers raises two issues on appeal. First, whether the Department's Office of Hearings and Appeals has jurisdiction over Chartiers' appeal from the decision of the Board. Second, if jurisdiction exists, whether the hearing officer for the Department abused his discretion in dismissing Chartiers' appeal as untimely.[5]

■ We begin our analysis by noting that subject-matter jurisdiction may be raised at any time, *Blackwell v. State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (1989), and that this court "may interfere in an agency decision only where there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties and functions." *Starr v. De-*

2. On December 13, 1995, Chartiers' counsel contacted the Department's Office of Hearings and Appeals, and offered to telecopy Chartiers' answer to the hearing officer. The hearing officer informed Chartiers that he would not accept a telecopy but, according to Chartiers, advised Chartiers' counsel "you've got a couple of days." (Chartiers' brief at 6.) Chartiers' counsel avers it understood the hearing officer to mean that he would accept the answer as timely even if it failed to arrive by the close of business on December 14, 1995.

3. Chartiers argues, and the Department concedes, that the hearing officer erred when he found that Chartiers was a "local agency" as defined in 2 Pa.C.S. § 101. Indeed, a local agency is defined as "[a] government agency other than a Commonwealth agency." *Id.* Chartiers also correctly argues that it is not a Commonwealth agency, but is an independent contractor service provider which contracts with the County

to provide certain mental-health related services. The Department argues, however, that even though the hearing officer mischaracterized Chartiers as a local agency, instead of referring to the Board as such, his decision should stand.

4. On February 5, 1996, more than thirty days from the date of the final administrative action order dismissing Chartiers' appeal, the Secretary attempted to grant Chartiers' reconsideration request. However, according to 1 Pa.Code § 35.241(d), if a reconsideration request is not granted within 30 days it is deemed denied.

5. This court's appellate review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Conklin v. Department of Public Welfare*, 105 Pa.Cmwlth. 84, 522 A.2d 1207 (1987).

*partment of Environmental Resources,* 147 Pa.Cmwlth. 196, 607 A.2d 321, 323 (1992).

■ Chartiers argues that because this is a dispute between a county administrator and a facility as to the necessity of medical treatment, the appeal is correctly heard by the Department under Section 206(c) of the Mental Health Procedures Act (Procedures Act).[6] Moreover, Chartiers argues that the Department has jurisdiction because the County is acting as a Department agent in carrying out duties mandated under the Act of 1966 and the Procedures Act. We must first address Chartiers' agency argument.

The Department and the County, both citing *Commonwealth v. Children's Rehabilitation Center, Inc.,* 95 Pa.Cmwlth. 578, 505 A.2d 1043 (1986), *petition for allowance of appeal denied,* 514 Pa. 632, 522 A.2d 560 (1987), aver that the County is not acting as an agent to the Department merely because the Department provides certain funding. In *Children's Rehabilitation,* this court held that in contracting with private providers for interim care services the county program agencies do not act as agents for the Commonwealth. The Department argues that there is no statutory basis for distinguishing between the interim care in *Children's Rehabilitation* and the partial hospitalization here. We agree.

In the present matter, although the County receives money from the Department for its programs, the County is neither acting as the Department's agent when it determines how to spend the grant money nor when it contracts with the private agencies for partial hospitalization services. As such, we turn to the issue of jurisdiction.

■ County argues that Section 206(c) of the Procedures Act is inapplicable here because the Board, not the county administrator, issued the decision. Chartiers argues, however, that because it was the county administrator, Mr. Peters, and not the Board who ordered it to comply with the Board's decision, the Department has jurisdiction under Section 206(c) of the Procedures Act.

Section 206(c) of the Procedures Act deals with voluntary inpatient treatment. Specifically, this section states that:

> Nothing in this act shall be construed to require a facility to continue inpatient treatment where the director of the facility determines such treatment is not medically indicated. Any dispute between a facility and a county administrator as to the medical necessity for voluntary inpatient treatment of a person shall be decided by the Commissioner of Mental Health or his delegate.

50 P.S. § 7206(c). The Department argues that partial hospitalization is not an inpatient service and, therefore, is not within the scope of Section 206(c) of the Procedures Act. Chartiers avers that the Department's own regulations define partial hospitalization as consisting "of inpatient services which are distinguished from short term inpatient services ... in that this inpatient care is provided on a planned and regularly scheduled basis for parts of days or nights or parts of a week." 55 Pa.Code § 4210.61.

The Department correctly points out, however, that under Section 7103 of the Procedures Act, 50 P.S. §§ 7103, and Section and 4102 of the Act of 1966, 50 P.S. § 4102, partial hospitalization is not a form of inpatient treatment because it does not require "residence". Additionally, Section 7104 of the Procedures Act refers separately to "inpatient treatment, partial hospitalization [and] outpatient treatment." 50 P.S. § 7104. The Department correctly argues, therefore, that the word "inpatient" alone in Section 206(c) of the Procedures Act must solely include inpatient treatment. Accordingly, partial hospitalization is not encompassed under Section 206(c) of the Procedures Act. As such, this section is inapplicable to the present matter and does not render jurisdiction for an appeal to the Department.

■ County correctly argues that Chartiers' should have appealed the Board's decision to the court of common pleas. Section 933(a)(2) of the Judicial Code (Code), 42 Pa. C.S. § 933(a)(2), states that:

---

6. Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. § 7206(c).

Except as otherwise prescribed by any general rule adopted pursuant to section 503 ... each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

. . . .

(2) Appeals from government agencies, except Commonwealth agencies, under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise.

As such, an appeal from a decision of the Board, a local, government agency, must be made to the court of common pleas. Although the County's Director informed Chartiers of the Board's decision, this does not render jurisdiction to the Department to hear the appeal. The decision was issued by the Board, not the County's director. There exists no agency relationship between the County and the Department. Thus, jurisdiction for the appeal is retained in the court of common pleas, not by the Department. Therefore, the issue raised by Chartiers concerning whether the hearing officer for the Department abused his discretion in dismissing Chartiers' appeal as untimely is moot.[7]

Accordingly, the hearing officer correctly dismissed Chartiers' appeal for lack of jurisdiction and the order of the Department is affirmed.

### ORDER

NOW, May 19, 1997, the December 26, 1995, order of the Department of Public Welfare, at No. 02F0027, is affirmed.

---

7. We note that the hearing officer, in his decision, stated that "[n]o request for a continuance or extra time for submission of the brief was requested" by Chartiers' counsel. (R.R. at 26a.)