**CITY OF PHILADELPHIA POLICE DEPARTMENT**

v.

**CIVIL SERVICE COMMISSION OF THE CITY OF PHILADELPHIA and Jorge Martinez.**

**Appeal of Jorge MARTINEZ, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1997.

Decided Nov. 18, 1997.

Ira B. Shrager, Philadelphia, for appellant.

John J. Duffy, III, Philadelphia, for appellee, City of Philadelphia, CSC.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Jorge Martinez (Martinez) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) reversing the Civil Service Commission of the City of Philadelphia's (Commission) denial of the City of Philadelphia's (City) Motion for Reconsideration that requested the Commission to vacate its order directing the City to pay Martinez five days of disability pay.

Martinez is a City police officer and in August of 1991, he injured his ankle while on duty. Between the time of his injury and November 23, 1994, Martinez was either off work, on limited duty, or on active duty. After being on limited duty for almost four months, a physical examination conducted by a City physician found him to be fully recovered and Martinez was ordered to active duty on November 24, 1994. Instead of reporting for duty, Martinez appealed to the Commission contending that he could not return to active duty due to swelling, severe pain and lack of range of motion in his left foot. Five days later, on November 29, 1994, while his appeal was pending, he was reassigned to limited duty. After a hearing involving only the five days of benefits, the Commission, on August 17, 1995, sustained Martinez' appeal holding that the City had failed to establish for that five-day period that Martinez was able to return to active duty and that Martinez should be paid for that period as IOD—injured on duty. On September 12, 1994, the City appealed that order to the trial court.

On September 14, 1994, the City then filed a Motion for Reconsideration with the Commission asking the Commission to vacate its order because Martinez was barred from recovery under Regulation 32 of the Civil Service Commission Regulations.[1] Section 32.121 of the Civil Service Commission Regulations provides, in relevant part, that:

[t]he following employees may appeal to the Civil Service Commission from an action of their appointing authority or the Personnel Director depriving them of more than ten (10) days' benefit under this Regulation.

Because he had been deprived of only five days of benefits, the City contended that the Commission lacked jurisdiction to hear Martinez' appeal. Notwithstanding that the Commission had not granted reconsideration, on October 19, 1995, the City withdrew its appeal to the trial court. On January 22, 1996, approximately five months after it had issued its original order, the Commission denied the City's Motion for Reconsideration. The City appealed to the trial court.

■ Before the trial court, it contended that the Commission had manifestly abused its discretion by not granting reconsideration when it was clear that Martinez' appeal involved less than ten days of benefits required by Regulation 32. Agreeing with the City, the trial court held that the Commission manifestly abused its power in denying reconsideration, and rather than remanding, reversed the Commission. This appeal by Martinez then followed.[2]

Martinez contends that the trial court erred in hearing the City's appeal because the Commission was without jurisdiction to grant or deny it more than 30 days from the date of the final order. Because it did not decide the motion until some five months

---

1. The Commission adopted Regulation 32 to afford benefits to both uniformed and non-uniformed disabled City employees and it is quite similar to the Pennsylvania Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.1. *Malloy v. Civil Service Commission of the City of Philadelphia*, 165 Pa. Cmwlth. 487, 645 A.2d 434 (1994). The substantive principles of law applied in cases under that Act are applicable to similar provisions in Regulation 32.

2. Our scope of review of an agency's decision to grant or deny reconsideration is limited to review for a manifest and flagrant abuse of discretion or purely arbitrary execution of the agency's duties and functions. *Starr v. Department of Environmental Resources*, 147 Pa.Cmwlth. 196, 607 A.2d 321, 323 (1992).

after the entry of the order on the merits, Martinez contends that the Commission's decision was void *ab initio* and that no order existed for the trial court to reverse.

■ The City, however, contends [3] that its appeal from the Commission's denial of its Motion for Reconsideration was properly filed and that the withdrawal of its previously filed, timely appeal to the trial court is of no consequence. Applying the City's rationale, the Commission or any local agency would have an unlimited period in which to act on a Motion for Reconsideration and could never, in effect, lose jurisdiction over a Motion for Reconsideration.

■ A tribunal loses jurisdiction to change an order once it becomes final; otherwise, nothing would ever be settled. *See* 42 Pa.C.S. § 5505; *see also Orie v. Stone,* 411 Pa.Super. 481, 601 A.2d 1268 (1992), *petition for allowance of appeal granted,* 530 Pa. 660, 609 A.2d 168 (1992), *appeal dismissed as improvidently granted,* 533 Pa. 315, 622 A.2d 286 (1993). Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (e.g., wrong dates) but no substantive changes can be made. 42 Pa. C.S. § 5505; Pa. R.A.P. 903; *DeMarco v. Borough of East McKeesport,* 125 Pa. Cmwlth. 13, 556 A.2d 977 (1989), *petition for allowance of appeal denied,* 525 Pa. 614, 577 A.2d 545 (1990).

What makes this case different is that a Motion for Reconsideration was filed within the time for appeal but was not acted upon until well after the appeal period had expired. Even though it was filed during that period, it does not, absent an authorizing statute or regulation, allow a tribunal to reconsider its order once the appeal period has passed.

This holding is consistent with the practice embodied in Pennsylvania Rule of Appellate Procedure 1701(b)(3) that provides, after an order becomes final, i.e., after the period for appeal has expired, neither courts nor state administrative agencies have jurisdiction to consider a Motion for Reconsideration. Pa. R.A.P 1701(b)(3) provides that after an appeal is taken or review of a quasijudicial order is sought, a trial court or other governmental unit may:

Grant reconsideration of the order that is the subject of the appeal petition, if

(i) an application for reconsideration of the order is filed in the trial court or other governmental unit within the time period provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other governmental unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.[4]

---

3. The City also contends that because the issue of subject matter jurisdiction may be raised at any time, the Commission's failure to timely rule on its Motion for Reconsideration raising that issue is of no consequence. Though no cases address that exact issue, in general, jurisdiction cannot be raised once a proceeding is over, nor can issues of jurisdiction as to the tribunal's order be used to frustrate its enforcement or its effect in other proceedings. Otherwise, no proceeding would ever be final. Illustrating that principle is how a judgment is treated once the proceeding is over where governmental immunity under 42 Pa.C.S. §§ 8541–8542 could have been raised but was not. Governmental immunity, because it is jurisdictional, is a non-waivable defense that may be raised at any time in the proceedings. *In re Upset Sale of Properties,* 522 Pa. 230, 560 A.2d 1388 (1989); *Philadelphia Police Department v. Gray,* 534 Pa. 467, 633 A.2d 1090 (1993). However, once the proceedings are over, that issue of

jurisdiction "governmental immunity" cannot be raised to frustrate the collection of the judgment. Similarly, here, even though as a general rule subject matter jurisdiction can be raised at any time during the proceedings, it cannot be raised after the entry of a final order.

4. And, the explanatory comment to Pa. R.A.P. 1701(b)(3) provides further guidance as to the effect and impact of this section, stating:

Subdivision b(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court or other governmental unit to grant reconsideration if action is taken during the applicable appeal period or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed

■ Recently, in *Valley Forge Center Associates v. Rib–It/K.P.*, 693 A.2d 242 (Pa.Super. 1997), the Superior Court held that Rule 1701(b)(3) allows a court to review its order if a party files a Petition for Reconsideration within the 30 day appeal period and the *trial court "expressly grants" reconsideration* within that period. (Emphasis in original). If a trial court or other governmental unit fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition and its original order. *Id.*, citing, *Schoff v. Richter*, 386 Pa.Super. 289, 562 A.2d 912, 913 (1989).

Similarly, for state administrative agencies, it has been held that if an agency fails to act upon a Motion for Reconsideration within the period for appeal, it loses jurisdiction over that Motion and an administrative agency's grant of reconsideration beyond the 30 day period is of no consequence. *See Sewickley Valley Hospital v. Department of Public Welfare*, 121 Pa.Cmwlth. 337, 550 A.2d 1351 (1988), *petition for allowance of appeal denied*, 524 Pa. 614, 569 A.2d 1372 (1989); *Mozier v. Department of Public Welfare*, 114 Pa.Cmwlth. 74, 538 A.2d 125 (1988); *Monsour Medical Center v. Department of Public Welfare*, 111 Pa.Cmwlth. 359, 533 A.2d 1114 (1987); *Pine Haven Residential Care Home v. Department of Public Welfare*, 99 Pa. Cmwlth. 1, 512 A.2d 59 (1986).

■ Although these cases deal with a specific court rule pertaining to courts and state agencies, the reasoning embodied in that rule is equally applicable to cases involving local agencies. Because the appeal initially taken by the City was withdrawn after 30 days, the Commission's order sustaining Martinez' appeal became final. *See In re Brinker*, 683 A.2d 966 (Pa.Cmwlth.1996). Once it became final, the Commission had no jurisdiction to even consider the City's Motion for Reconsideration one day, let alone five months

by the taking of a "snap" appeal. *The better procedure under this rule will be for a party to file an application for reconsideration below and a notice of appeal, etc.* If the application lacks merit the trial court or other government unit may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of

later. Because it did not have jurisdiction, the Commission's order denying the Motion for Reconsideration was *void ab initio*, and, as such, the trial court had nothing to review.

Accordingly, because the Commission's denial of the Motion for Reconsideration was a nullity, the trial court's order is vacated and the City is ordered to comply with the Commission's order of August 17, 1995.

### ORDER

And now, this 18th day of November, 1997, the order of the Court of Common Pleas of Philadelphia County, dated October 3, 1996, is vacated and the order of the Civil Service Commission of the City of Philadelphia, dated August 17, 1995, is reinstated.

the appeal period. *If the trial court or other government unit fails to enter an order "expressly granting reconsideration" (an order that "all proceedings shall stay" will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost.* (Emphasis added).