# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry E. Hamilton,                              :
              Appellant                     :
                                            :
            v.                               :    No.  2705 C.D. 2015
                                            :    SUBMITTED:  January 6, 2017
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
Bureau of Driver Licensing                      :


**BEFORE:**    **HONORABLE ROBERT SIMPSON, Judge**
                    **HONORABLE MICHAEL H. WOJCIK, Judge**
                    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  May 17, 2017**


        Licensee, Harry E. Hamilton, appeals *pro se* from an order of the Court of Common Pleas of Luzerne County (trial court) denying his May 2014 petition to appeal *nunc pro tunc* from a one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) as a result of a March 2013 conviction under Section 1543 of the Vehicle Code, *as amended*, 75 Pa. C.S. § 1543 (driving while his operating privilege was suspended).[1]  This is the second time that this Court has considered Licensee's challenge to the same suspension.  *See Hamilton v. Dep't of Transp.,*

---

       [1] The conviction is referenced in Licensee's certified driving record, which was subsequently submitted into evidence as the result of a November 2015 hearing before the trial court.  Department's March 20, 2013, Official Notice of Suspension at 1; Supplemental Reproduced Record (S.R.R.) at 41b.

*Bureau of Driver Licensing*, (Pa. Cmwlth., No. 647 C.D. 2014, filed July 24, 2015) (*Hamilton I*).[2] We affirm.

In pertinent part, the background of this matter is as follows. In July 2013, the trial court dismissed Licensee's April 2013 statutory appeal of his one-year suspension due to his failure to properly serve the Department and his failure to appear at the hearing (Docket No. 2013-04843).[3] After a notice of entry of the order was mailed to the parties, Licensee filed a motion to vacate the dismissal of his appeal on July 29, 2013. However, he did not seek reconsideration of the trial court's order, appeal from it within thirty days of its entry, nor petition to appeal *nunc pro tunc*. Subsequently, after Licensee failed to appear at a scheduled hearing, the trial court issued a January 31, 2014, order affirming its dismissal of his appeal.

Following Licensee's March 3, 2014, appeal to this Court from the trial court's order affirming its dismissal of his statutory appeal at Docket No. 2013-04843, he filed a May 2014 petition to appeal *nunc pro tunc* at Docket No. 2014-06677 pertaining to the same suspension at issue in his unsuccessful statutory appeal.[4] Meanwhile, in connection with the appeal pending in this Court from the

---

[2] Supplemental Reproduced Record (S.R.R.) at 32-37b.

[3] As we observed in *Hamilton I*:

> When Hamilton did not appear at the July 8, 2013 hearing, the trial court noted that his appeal was No. 19 on the hearing list. The Department's counsel then stated: "I don't have a file on that one, Your Honor. I don't know if we were ever served. I don't have anything on that. Does he indicate that he served PennDOT?

*Hamilton I*, slip op. at 2; S.R.R. at 33b.

[4] As the trial court observed in its opinion pertinent to the instant appeal:

> The procedural context is additionally made more difficult of discernment given the assignment of more than one term and

**(Footnote continued on next page…)**

2

trial court's ruling on the statutory appeal (Docket No. 2013-04843), the trial court filed an opinion requesting that we remand the matter for an evidentiary hearing to allow the Department to establish a prima facie case for the suspension.

Rejecting the trial court's request for remand, this Court in *Hamilton I* vacated the trial court's January 31, 2014, order, concluding as follows:

> Here, the trial court did not grant reconsideration of the July 11, 2013 order within the 30-day appeal period and instead issued a rule to show cause upon the Department to be returnable three months after the 30-day appeal period. Where a motion for reconsideration is filed within the appeal period but was not granted within that period, the court loses jurisdiction to act on the motion for reconsideration and the original order. *City of Phila. Police Dep't [v. Civil Serv. Comm'n of the City of Phila.*, 702 A.2d 878, 881 (Pa. Cmwlth. 1997).] Hence, the trial court did not have jurisdiction to act on [Licensee's] motion to vacate the dismissal of his appeal in the July 11, 2013 order, more than six months after the expiration of the 30-day appeal period.

*Hamilton I*, slip op. at 5; Supplemental Reproduced Record (S.R.R.) at 36b. Accordingly, we determined that the July 11, 2013, order dismissing Licensee's statutory appeal became final upon expiration of the appeal period. *Id.*, slip op. at 4; S.R.R. at 35b.

In December 2015, the trial court denied Licensee's petition to appeal *nunc pro tunc* (Docket No. 2014-06677). Observing that Licensee failed to demonstrate that the conviction generating his suspension was overturned, the

---

**(continued…)**

> number to what is obviously one license suspension appeal. The instant matter is filed to # 6677-2014, however, it clearly relates to the determination . . . at # 4843-2013.

Trial Court's March 2, 2016, Opinion at 2; Reproduced Record (R.R.) at 8a.

court concluded that he failed to establish that, due to extraordinary circumstances involving fraud or breakdown in the court's operations, he should have been permitted to file an appeal *nunc pro tunc* of the same suspension that he previously appealed unsuccessfully. Licensee filed a timely appeal with this Court, which is now before us for disposition.

Notwithstanding the convoluted procedural history, the issue before the Court is straightforward. Essentially, the instant appeal is Licensee's second attempt to challenge the one-year suspension that the Department imposed in response to his March 2013 conviction. In upholding the dismissal of Licensee's statutory appeal of that same suspension in *Hamilton I*, we concluded: "Because the trial court's July 11, 2013 dismissal of [Licensee's] statutory appeal was a final order which was not appealed within the statutory 30-day period, it is not before us, and remains in effect." *Id*., slip op. at 5 n.2. In that regard, Licensee's May 2014 petition to appeal *nunc pro tunc*, which the trial court concluded lacked merit, does not afford him a second chance to litigate his unsuccessful statutory appeal.

Accordingly, we affirm the trial court's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge


Judge Cosgrove did not participate in the decision in this case.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry E. Hamilton,                      :
            Appellant               :
                                        :
           v.                          :   No.  2705 C.D. 2015
                                          :
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
Bureau of Driver Licensing              :

# **O R D E R**

AND NOW, this 17th day of May, 2017, the order of the Court of Common Pleas of Luzerne County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge