J-S12013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| STEPHANIE A. WATKINS AND JOSEPH P. WATKINS, AND THE UNITED STATES OF AMERICA | : : : : : | No. 3095 EDA 2023 |
| APPEAL OF: STEPHANIE A. WATKINS AND JOSEPH P. WATKINS | : : | |

Appeal from the Order Entered November 3, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 180601304

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 2, 2025**

In this mortgage foreclosure action, Appellants, Stephanie A. Watkins and Joseph P. Watkins ("the Watkins"), appeal from an order granting the motion for reassessment of damages of Appellee, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("New Penn") and entering judgment in New Penn's favor in the amount of $744,297.83. We affirm.

On June 12, 2018, New Penn filed a mortgage foreclosure complaint against the Watkins relating to the property located at 6414 City Avenue in Philadelphia. The complaint alleged that the amount owed on the mortgage was $406,424.26.

On January 11, 2022, the court granted New Penn's motion for summary judgment as to liability but denied the motion as to the amount owed on the

mortgage. The court entered judgment of mortgage foreclosure in rem in favor of New Penn in an amount to be determined at the time of trial. On March 20, 2023, following a non-jury trial, the court found in favor of New Penn and against the Watkins in the amount of $627,923.97. This amount was entered on the judgment index against the Watkins.

On October 2, 2023, New Penn filed a motion for reassessment of damages, claiming that additional accrued interest, fees, and costs had accrued following Judge Brinkley's decision six months earlier.

On October 23, 2023, the Watkins filed "preliminary objections" to the motion for reassessment, arguing that the motion for reassessment should be stricken because New Penn failed to attach its complaint to the motion. The prothonotary accepted the preliminary objections but assigned it a different control number than the motion for reassessment.

On October 27, 2023, New Penn's motion for reassessment was assigned to the Honorable Joshua Roberts. Because the Watkins' preliminary objections had a different control number, they were not assigned to Judge Roberts along with the motion for reassessment.

In an order docketed on November 3, 2023, Judge Roberts granted New Penn's motion for reassessment as "unopposed," reassessed New Penn's damages, and amended the judgment in favor of New Penn to $744,297.83. Order, 11/3/23.

On November 7, 2023, the Watkins filed an emergency motion to vacate the November 3, 2023, order reassessing New Penn's damages. The emergency motion was assigned to the Honorable Idee Fox.

On November 15, 2023, the Watkins' preliminary objections were also assigned to Judge Fox. On the same date, Judge Fox entered an order dismissing the Watkins' preliminary objections as "procedurally improper" but granting the Watkins leave to file a response to New Penn's motion for reassessment.[1]

On November 22, 2023, the Watkins filed a response to New Penn's motion for reassessment contending that the amount sought in New Penn's motion was excessive.

On Monday, December 4, 2023, the Watkins filed a notice of appeal to this Court from Judge Roberts' November 3, 2023, order. Both the Watkins and Judge Roberts complied with Pa.R.A.P. 1925. On January 8, 2024, Judge Roberts entered an order stating that the Watkins' November 7, 2023, emergency motion to vacate was "moot per notice of appeal." Order, 1/8/24.

The Watkins raise three issues in this appeal:

1. Whether it was in error and/or an abuse of discretion on the part of the Lower Court to issue the November [3], 2023 Order, purportedly Granting [New Penn's] Motion to Reassess Damages as "UNOPPOSED", notwithstanding the filing of a timely response thereto on the part of the [Watkins] by way of their Preliminary Objections in the Nature of a Motion to Strike the Motion to Reassess Damages?

_____

[1] Judge Fox's order did not mention the Watkins' November 7, 2023 emergency motion.

2. Whether it was in error and/or an abuse of discretion on the part of the Lower Court to fail to timely rule upon the [Watkins'] Emergency Petition to Open/Vacate the November [3], 2023 [order]?

3. Whether the matter should be remanded back to the Lower Court to obtain clarification of the current procedural status of the underlying and subject case in consideration of the multiple and conflicting Orders that have been issued by the Lower Court relative to [New Penn's] Motion to Reassess Damages?

Watkins' Brief at 4.

The order reassessing damages in this mortgage foreclosure action was a final, appealable order because the court granted New Penn the only relief requested in its motion to reassess. *EMC Mortg., LLC v. Biddle*, 114 A.3d 1057, 1064 (Pa. Super. 2015). The court has the authority to reassess damages prior to satisfaction of a mortgage foreclosure judgment. *Id.*; *Nationsbanc Mortg. Corp. v. Grillo*, 827 A.2d 489, 493 (Pa. Super. 2003). We review modifications of judgment, here in the form of reassessment of damages, for abuse of discretion. *EMC Mortg.*, 114 A.3d at 1064.

The Watkins argue that Judge Roberts abused his discretion by granting New Penn's motion for reassessment as unopposed even though the Watkins timely filed preliminary objections to strike the motion for reassessment. We disagree for two reasons. First, as a procedural matter, the Rules prohibited the Watkins from filing preliminary objections to the motion for reassessment. The Rules of Civil Procedure only allow preliminary objections to be filed in response to pleadings. Pa.R.Civ.P. 1017. The Rules define pleadings as a

complaint, an answer to the complaint, a reply to new matter, a counterclaim, a cross-claim, and a counter-reply. Pa.R.Civ.P. 1017(a). A motion is not a pleading; instead, a motion is "any application to the court for an order made in any civil action except as provided by subdivision (b)(i) and (b)(2)." Pa.R.Civ.P. 208.1(a). Subdivision (b)(i) expressly excludes preliminary objections from the rules governing motions. Pa.R.Civ.P. 208.1(b)(i). Consequently, the Rules do not permit parties to file preliminary objections to motions. Because the Watkins had no right to file preliminary objections to the motion for reassessment, New Penn's motion was technically unopposed.

Second, even assuming Judge Roberts should have treated the preliminary objections as a response to New Penn's motion, the preliminary objections were devoid of merit. Judge Roberts cogently explained:

> The preliminary objection raises meritless procedural arguments. Specifically, [the Watkins] argue that New Penn did not attach its complaint to the motion. But this argument does not at all appreciate that New Penn had, by the time it filed its motion, obtained summary judgment on liability, and a trial disposition assessing damages. The time for [the Watkins] to raise the 'defenses" set forth in the improper preliminary objection had long been since pas[sed]. The [the Watkins] had an opportunity to make those arguments at the actual pleading stage; in response to the New Penn's motion for summary judgment; and, at the assessment of damages trial. Proper presentation of these arguments to this Court in the form of a response to the motion would not have changed the outcome of New Penn's motion.

Pa.R.A.P. 1925 Opinion, 3/22/24, at 5.

Next, the Watkins argue that Judge Roberts abused his discretion by failing to rule on their November 7, 2023, emergency motion to vacate the November 3, 2023 order reassessing damages. We disagree.

Judge Roberts opined:

[The Watkins] filed an emergency motion for reconsideration on November 7, 2023 (which they incorrectly captioned as a motion to vacate and open). [The Watkins] filed an appeal to the Superior Court on December 4, 2023, before this Court entered an order on the motion for reconsideration. After an appeal is taken, the trial court may no longer proceed further in the matter. Pa.R.App.P. 1701. Thus, this Court properly abided by the rules of civil procedure and appellate procedure.

Opinion at 5-6.

We agree that Judge Roberts did not abuse his discretion by failing to rule on the Watkins' November 7, 2023, motion. In this regard, we find the reasoning in *Lichtman v. Glazer*, 111 A.3d 1225 (Pa. Cmwlth. 2015), persuasive. *See Cuth v. Cuth*, 263 A.3d 1186, 1191 n.5 (Pa. Super. 2023) ("Commonwealth Court decisions do not bind this Court, but we may consider them as persuasive authority"). In *Lichtman*, the trial court dismissed the appellant's civil actions, and the appellant filed motions for reconsideration. The court did not rule on the motions during the appeal period, and the appellant filed timely notices of appeal. On appeal, the appellant contended that the trial court abused its discretion by failing to rule on her motions for reconsideration. The Commonwealth Court disagreed, reasoning:

Appellant further argues that the trial court erred or abused its discretion in not deciding Appellant's motions for reconsideration. However, Appellant cites no authority for this proposition, and, in

- 6 -

fact, a court is not required to act upon a motion for reconsideration. Pa.R.A.P. 1701(b)(3)(ii) (A court may grant reconsideration if "an order expressly granting reconsideration of such prior order is filed in the trial court ... within the time prescribed by these rules for the filing of a notice of appeal ... with respect to such order...."); *see City of Philadelphia Police Department v. Civil Service Commission of City of Philadelphia*, 702 A.2d 878, 881 (Pa.Cmwlth.1997). "Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

\*     \*     \*

Here, the trial court did not act on Appellant's motions for reconsideration within the thirty-day appeal period. Such inaction pursuant to Rule 1701 has the effect of a denial. The trial court no longer has the power to act on a motion for reconsideration when it fails to issue an order expressly granting the motion within the time prescribed for seeking review. Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken ... the trial court ... may no longer proceed in the matter."); Pa.R.A.P. 1701 note ("If the trial court ... fails to enter an order 'expressly granting reconsideration' ... within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court ... to act on the application for reconsideration is lost.").

Appellant timely filed appeals to Superior Court, which were properly transferred to this Court. Similar to the situation in *City of Philadelphia*, the trial court had thirty days to grant Appellant's motions for reconsideration. The trial court chose not to act on the motions for reconsideration within the thirty-day time limit and was therefore without jurisdiction to grant the motions. Pa.R.A.P. 903; Pa.R.A.P. 1701(a), (b)(3). Pursuant to Pa.R.A.P. 1701, the trial court was not obligated to act on Appellant's motions for reconsideration and lost jurisdiction to do so after the thirty-day appeal period expired. Thus, the trial court did not err or abuse its discretion in failing to act on Appellant's motions for reconsideration.

*Id.* at 1229-30 (footnote omitted).

Here, on November 3, 2023, the court docketed Judge Roberts' order that granted New Penn's motion for reassessment of damages. Four days later, the Watkins filed their emergency motion to vacate, which was functionally equivalent to a motion for reconsideration. On Monday, December 4, 2023, the final day for appealing, the Watkins filed a notice of appeal. As in **Lichtman**, Judge Roberts was not required to act upon the Watkins' motion for reconsideration during the appeal period and lost jurisdiction to act on this motion following the Watkins' appeal. Thus, Judge Roberts did not abuse its discretion in failing to act on the Watkins' motion.

Finally, the Watkins argue that this case should be remanded to the trial court for further proceedings to address the multiple "conflicting" orders of the trial court. Appellants' Brief at 17. The Watkins contend that a conflict exists between (1) Judge Roberts' November 3, 2023 order granting New Penn's motion for reassessment, (2) Judge Fox's November 15, 2023 order granting the Watkins leave to file a response to New Penn's motion, and (3) Judge Roberts' January 8, 2024 order, which, according to the Watkins, "opened and vacated" his November 3, 2023 order. **Id.**

We decline to remand this case. As explained above, Judge Roberts' November 3, 2023, order was a proper act of discretion. Nor did Judge Fox's order rescue the Watkins. Judge Fox's order purported to give the Watkins more time to file a response on a motion that Judge Roberts already had decided. Under the law of the case doctrine, however, Judge Fox could not

issue a ruling on a motion previously decided by another judge of the same court. ***Okkerse v. Howe***, 556 A.2d 827, 831 (Pa. 1989) ("judges of coordinate jurisdictions sitting in the same court should not overrule the decisions of each other"). Lastly, contrary to the Watkins' representation, Judge Roberts' January 8, 2024, order did not open or vacate his November 3, 2023 order. Instead, the January 8, 2024, order denied the Watkins' emergency motion to vacate as "moot per [the Watkins'] notice of appeal." Order, 1/8/24.

For these reasons, we affirm the order granting New Penn's motion for reassessment of damages.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025